# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

| Case No. | CR 12-00037-RGK | Date | July 7, 2014 |
|---|---|---|---|

| Present: The Honorable | R. Gary Klausner, United States District Judge |
|---|---|
| Interpreter | N/A |

| S. Williams, Not Present | Not Reported | Margaret Vierbuchen / Kim Dammers |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| (1) Sergio Santiago De Leon Syjuco | N | X | | John Littrell, DFPD | N | X | |
| (2) Cesar Paolo Ubaldo | N | X | | David McLane, CJA Panel | N | X | |
| (3) Arjyl Revereza | N | X | | George Buehler, CJA Panel | N | X | |

**Proceedings:** (IN CHAMBERS) ORDER DENYING DEFENDANT SYJUCO'S MOTION FOR A NEW TRIAL PURSUANT TO FED. R. CRIM. P. 25(B)(2)

## I.     INTRODUCTION

Defendant Sergio Syjuco ("Syjuco") filed a motion for new trial (Docket Entry #449), and Defendants Arjyl Revereza ("Revereza") and Cesar Ubaldo ("Ubaldo") joined in the motion (Docket Entries #451 and 452). Defendant Syjuco moves for a new trial on the ground that under Federal Rule of Criminal Procedure 25(b)(2) ("Rule 25(b)(2)"), this Court was not adequately familiar with the case and was unable to adequately determine disputed issues at sentencing based on the credibility of witnesses who testified at trial. Therefore, according to defendants, the Court erred in sentencing the defendants, and they request that the court grant a new trial at this time.

The Court has read and considered Syjuco's motion, his co-defendants' joinders, and the government's opposition to the motion. For the reasons that follow, the Court DENIES Defendant's motion.

## II.    FACTUAL BACKGROUND

This case was initially assigned to this Court when it was originally filed. The Court presided over the case for approximately eleven months until it was reassigned to Judge Timlin on November 6, 2012. Judge Timlin heard pre-trial motions, including conducting evidentiary hearings on motions, and then presided over trial in the case, which resulted in convictions for all three defendants on March 4, 2013. The defendants requested an extension of time in which to file post-trial motions, and eventually filed the moving papers in May 2013. After the motions were filed and a hearing date was set for the motions and the sentencings, the government requested that the hearing be continued until July 22, 2013, which Judge Timlin granted. Judge

Timlin then requested additional briefing with regard to Defendant Revereza's motion for acquittal for lack of jurisdiction and also Defendant Syjuco's motion to preclude multiple convictions based on multiplicity. The additional briefing and sentencing memoranda were filed by the parties on August 9, 2013. The parties then argued the motions in front of Judge Timlin on August 13, 2013. Judge Timlin denied Defendant Revereza's motion for judgment of acquittal or for a new trial on September 4, 2013, denied Defendant Syjuco's motion for a new trial on October 22, 2013 and granted in part and denied in part Defendant Syjuco's motion for a new trial based on multiplicity on October 22, 2013. Judge Timlin then set sentencing for January 28 to 29, 2014. The parties filed lengthy position papers and exhibits on January 23, 2014. Judge Timlin continued the sentencing to February 25 to 27, 2014.

Approximately one week before sentencing, Judge Timlin became seriously ill with a spinal infection, which required a lengthy hospital stay and recuperation. At the time that he became ill, it was estimated that his initial course of treatment would take at least three months, and it was uncertain if and when he would be able to resume his responsibilities as a Senior District Judge. Because the sentencings were approaching and the defendants were asking for sentences amounting to time served, Chief Judge King contacted this Court to reassign the case to it for sentencing. The case was transferred back to this Court pursuant to Section 9.1 of General Order 08-05 on February 21, 2014.

On February 24, 2014, Defendant Syjuco filed the instant motion for a new trial, arguing that this Court was unable as a successor to make the necessary findings to impose a reliable and fair sentence, and therefore the proper remedy was for a new trial. The Court sentenced the defendants on February 25, 2014. The Court explained at the hearing that there was a need to transfer the case because Judge Timlin was seriously ill. The Court also explained that it was familiar with the case and that it had reviewed carefully all the sentencing position memoranda and exhibits (which included many pages of trial transcripts) and the Presentence Investigation Reports.

### III.    JUDICIAL STANDARD

Rule 25(b) provides as follows: "If by reason of absence, death, sickness or other disability the judge before whom the defendant has been tried is unable to perform the duties to be performed by the court after a verdict or finding of guilt, any other judge regularly sitting in or assigned to the court may perform those duties; but if that judge is satisfied that a judge who did not preside at the trial cannot perform those duties or that it is appropriate for any other reason, that judge may grant a new trial." Fed. R. Crim. P. 25(b). This rule allows a judge other than the trial judge to do the sentencing, but requires the new judge to use is his discretion to determine if he is competent to take over those duties. *See* Fed. R. Crim. P. 25(b)(1). This means that the sentencing judge must be familiar enough with the case to be able to assign the appropriate sentence within the statutory guidelines. *See United States v. Larios*, 640 F.2d 938, 942 (9th Cir. 1981).

### IV.    DISCUSSION

Syjuco argues that the reassignment of the case to this Court failed to meet the "by reason of" requirement of Rule 25(b), because there was an inadequate showing that Judge Timlin was unavailable to preside over sentencing for one of the specific reasons recognized by the statute. Fed. R. Crim. P. 25(b)(1). However, Judge Timlin was seriously ill at the date and time set for sentencing and it was uncertain when he would be able to resume his responsibilities and conduct the sentencing. At sentencing, this Court stated on the record that Judge Timlin was seriously ill and would be out for a lengthy period of time. The Court explained

that it had discussed the matter with Chief Judge King, resulting in the determination that this case be transferred for sentencing because the Court had originally presided over this case and was familiar with the parties and the issues. The illness of Judge Timlin and the explanation provided to the parties at sentencing satisfies the requirement of Rule 25(b) that a case only be transferred because of "absence, ... sickness, or other disability."

The second clause of Rule 25(b) (providing that, if the successor judge "is satisfied that a judge who did not preside at the trial cannot perform those duties or that it is appropriate for any other reason, that judge may grant a new trial") recognizes that a successor judge may determine it is insufficient familiarity with the case, such that a new trial is necessary after reassignment. *See United States v. Colon-Munoz*, 318 F.3d 34 (1st Cir. 2003). A successor judge is given broad discretion in determining whether a new trial is necessary to properly perform his sentencing duties where the judge did not preside over the case at trial. *United States v. Spinney*, 795 F.2d 1410, 1413 (9th Cir. 1986).

This Court was familiar with the parties and the case, as it had presided over the case for approximately a year prior to its reassignment. Prior to sentencing, the Court reviewed the position papers of the parties and the exhibits filed concurrently therewith. The exhibits to the defendants' position papers contained lengthy excerpts of the trial transcripts. *See* Docket Entries 424, 425, 426, 427, 436. Those excerpts pertained to the factual issues raised by the parties with regard to sentencing.

The defendants rightly note that the Ninth Circuit has stated that "while what is necessary varies with the facts of each case, the more the case depends on the credibility, and especially the demeanor, of the witnesses, the more a judge needs to do to become adequately familiar with the case." *See United States v. Larios*, 640 F.2d 938, 942 (9th Cir. 1981). However, it went on to hold that "becoming adequately familiar does not always require the reading of a transcript, although a transcript will often be helpful and sometimes essential." *See id.* (citing *United States v. Carbo*, 314 F.3d at 749-50). Here, the Court did not review the entire trial transcript, but it reviewed relevant portions, and thoroughly understood the case. *See id.*

Defendants contend further that, because some of the issues at sentencing concerned the credibility and veracity of the government witnesses in this case (particularly Special Agent Ro), this Court could not make the appropriate credibility determinations to rule on the various sentencing contentions made by the defendants because he had not observed those witnesses at trial. However, the Ninth Circuit has noted that "we do not apprehend that where credibility of government witnesses is a serious issue, it must follow ipso facto that a new trial must be had. . . Credibility involves more than demeanor. It apprehends the over-all evaluation of testimony in the light of rationality and internal consistency and the manner in which it hangs together with other evidence." *Carbo v. United States*, 314 F.2d 718, 749 (9th Cir. 1963).

Further, this Court was aware of the fact that Judge Timlin had previously made a favorable credibility determination with regard to Special Agent Ro when Judge Timlin denied the defendants' motion to dismiss the indictment for outrageous government misconduct. *See* Docket Entry 228 at fn. 1 ("In arriving at its decision, the court concludes from its evaluation of the witnesses' testimony and documentary evidence that, wherever there is a conflict between the evidence presented by defendants and the government as to a material factual issue, the evidence presented by the government (including witness testimony) is singularly and collectively more credible than the evidence presented by the defendants."). Although this credibility determination did not relate to the trial testimony of Special Agent Ro, it is relevant because Ro's testimony at trial was extremely similar to that at the evidentiary hearing, and because the defendants raised the issue of the government agents'

alleged misconduct again at sentencing. The case law does not suggest that, when credibility determinations are at issue, a successor judge must always order a new trial. Instead, the Ninth Circuit has found that a review of the transcript and a thorough understanding of the case are sufficient. *See Larios*, 640 F.3d at 942. Based on these criteria, the Court was adequately familiar with the case to conduct sentencing.

## V. **CONCLUSION**

Based on the foregoing, Defendant Syjuco's motion for a new trial pursuant to Federal Rule of Criminal Procedure 25 (b)(2) is **DENIED**.

**IT IS SO ORDERED.**

                     : 

Initials of Deputy Clerk

cc: